# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PADMARAO JEVAJI,

     Appellant,

     v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,

     Agency.

DOCKET NUMBER
DE-1221-20-0216-W-2

DATE: February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel K.R. Maharaj, Esquire, Tampa, Florida, for the appellant.

Althea Smiley, Esquire, Denver, Colorado, for the agency.

Jennifer Smith, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA)

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's findings that the appellant did not exhaust all alleged disclosures with the Office of Special Counsel (OSC), we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Supervisory Physician (Clinical Director), GP-15, with the Indian Health Service at the Fort Belknap Service Unit (FBSU) in Harlem, Montana. *Jevaji v. Department of Health and Human Services*, MSPB Docket No. DE-1221-20-0216-W-2, Appeal File (W-2 AF), Tab 14 at 12, Tab 45 at 8. In January 2020, the agency issued a notice of termination to the appellant during his 1-year probationary period, and the appellant resigned to avoid termination. W-2 AF, Tab 14 at 13-14, 27-31. He subsequently filed a whistleblower retaliation complaint with OSC. W-2 AF, Tab 10. After OSC closed its investigation into his complaint, *id.* at 71, the appellant filed an IRA appeal with the Board, *Jevaji v. Department of Health and Human Services*, MSPB Docket No. DE-1221-20-0216-W-1, Initial Appeal File (IAF), Tab 1. The appeal was

dismissed without prejudice and automatically refiled by the Board. IAF, Tab 13; W-2 AF, Tabs 1-3.

The administrative judge issued an order apprising the appellant of the jurisdictional requirements for an IRA appeal and ordering him to submit argument and evidence on jurisdiction. W-2 AF, Tab 4. Both parties responded. W-2 AF, Tabs 10, 13-14. After considering those submissions, the administrative judge issued a jurisdictional ruling finding that the appellant exhausted four alleged disclosures with the OSC but made nonfrivolous allegations of only two protected disclosures. W-2 AF, Tab 34 at 4-20. He also found nonfrivolous allegations that those disclosures were a contributing factor in covered personnel actions of a threat of termination and involuntary resignation. *Id.* at 20-23; W-2 AF, Tab 43. After holding the requested hearing, the administrative judge issued an initial decision incorporating his jurisdiction rulings and finding that the appellant did not meet his burden of proving that he made a protected whistleblowing disclosure. W-2 AF, Tab 55, Initial Decision (ID).

The appellant has filed a petition for review, reraising all allegedly protected disclosures raised before the administrative judge, arguing that they were a contributing factor in the agency's personnel action, and asserting that the agency did not prove by clear and convincing evidence that it would have issued him a notice of termination absent his protected disclosures. Petition for Review (PFR) File, Tabs 1, 3. The agency has filed a response. PFR File, Tab 4.

## ANALYSIS

The appellant exhausted his administrative remedies with OSC concerning all alleged disclosures raised in his Board appeal.

In an IRA appeal based on whistleblower reprisal under the Whistleblower Protection Act (WPA),[2] an appellant shall seek corrective action from OSC before

---

[2] The WPA has been amended several times, including by the Whistleblower Protection Enhancement Act. The references herein to the WPA include those amendments.

seeking corrective action from the Board. 5 U.S.C. § 1214(a)(3); *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 5. This requirement of administrative exhaustion entails both substantive and procedural requirements. *Chambers,* 2022 MSPB 8, ¶ 5. The administrative judge, while finding that the appellant satisfied the procedural requirements, found that the appellant did not satisfy the substantive requirements for some of his allegedly protected whistleblowing disclosures. W-2 AF, Tab 34 at 3-6.

The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers*, 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through his initial OSC complaint or correspondence with OSC or, in the alternative, through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in his Board appeal. *Id.*, ¶ 11. Here, the appellant's OSC complaint and attached exhibits provided OSC with sufficient basis to pursue an investigation concerning all alleged disclosures raised in his Board appeal. W-2 AF, Tab 10. We expressly vacate the administrative judge's findings concluding otherwise. W-2 AF, Tab 34 at 4-6. Specifically, we modify the administrative judge's jurisdictional order incorporated in the initial decision to find that the appellant exhausted with OSC the following additional disclosures: (1) his July 10, 2019 statement that a supervisor at the FBSU had misused government vehicles, W-2 AF, Tab 10 at 44, 56, 71; (2) his November 2019 complaint that a former chief executive officer (CEO) of the FBSU had displayed favoritism to a nurse practitioner, *id.* at 28, 65; and (3) his contemporaneous complaint regarding this supervisor's inappropriate conduct on November 7, 2019, *id.* at 46-48, 63-65.

<u>The appellant did not nonfrivolously allege that these additional disclosures were protected whistleblowing disclosures.</u>

The Board must address the matter of jurisdiction before proceeding to the merits of the appeal. *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 11.

Only after Board jurisdiction is established is the Board required to provide the appellant with a hearing on the merits. *Spencer v. Department of the Navy*, 327 F.3d 1354, 1356 (Fed. Cir. 2003). If an appellant has exhausted his administrative remedies before OSC, he can establish Board jurisdiction by nonfrivolously alleging that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Chambers*, 2022 MSPB 8, ¶ 14. Thus, we have considered whether the appellant has made nonfrivolous allegations concerning the three allegedly protected disclosures erroneously excluded in the jurisdictional order based on the exhaustion requirement.

The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).[3] As the U.S. Court of Appeals for the Federal Circuit in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020) determined: "[T]he question of whether the appellant has non-frivolously alleged protected disclosures [or activities] that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face."[4]

A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced a category of wrongdoing under section 2302(b)(8)(A). *Gabel v. Department of*

---

[3] The regulation further provides that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). Pro forma allegations are insufficient to meet the nonfrivolous standard. *Clark v. U.S Postal Service*, 123 M.S.P.R. 466, ¶ 6 (2016), *aff'd*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11.

*Veterans Affairs*, 2023 MSPB 4, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id.*; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

Concerning the appellant's disclosure of a supervisor's misuse of a government vehicle, i.e., disclosure (1), the administrative judge made an alternative finding that the appellant's disclosure was an example of "vague, conclusory, unsupported" alleged wrongdoing that did not meet the Board's nonfrivolous pleading standard. W-2 AF, Tab 34 at 6 n.6 (*citing El*, 123 M.S.P.R. 76, ¶ 6). We affirm this alternative finding. The appellant reported to the CEO of the FBSU that the supervisor "had misused GSA vehicles" but provided no specifics such as what actions constituted "misuse." W-2 AF, Tab 10 at 56. Therefore, the appellant has not made nonfrivolous allegations concerning this disclosure.

Concerning the appellant's disclosure of favoritism, i.e., disclosure (2), the administrative judge also stated that this disclosure was too vague. W-2 AF, Tab 34 at 6. To the extent that the administrative judge found that the appellant did not make nonfrivolous allegations of a protected disclosure, we agree. The

---

[4] Historically, the Board has been bound by the precedent of the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

appellant's written disclosure, which he allegedly submitted to the acting CEO at the time, contained assertions that the former CEO had displayed favoritism towards a nurse practitioner with whom she had a close friendship. W-2 AF, Tab 10 at 63-65. Specifically, he asserted that the nurse practitioner received frequent overtime, received a higher retention bonus than others, and was "rescue[d]" by the former CEO during conflicts with other staff members. *Id.* at 65.

In this disclosure, we find no assertion that the former CEO's actions violated a law, rule, or regulation, and the appellant has not identified an applicable law, rule, or regulation in any of his pleadings. *See, e.g.*, W-2 AF, Tab 10 at 10, Tab 35 at 11; PFR File, Tab 3 at 13-14. Considering whether his disclosure of favoritism might amount to a nonfrivolous allegation of any of the other categories listed under 5 U.S.C. § 2302(b)(8)(A)(ii), we note that the most relevant category is an abuse of authority.[5] The Board has historically defined an abuse of authority as an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to herself or to other preferred persons. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013). Abuse of authority does not incorporate a de minimis standard. *Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996). In *Smolinski v. Merit Systems Protection Board*, 23 F.4th 1345, 1351-52 (Fed. Cir. 2022), the Federal Circuit defined an abuse of authority more broadly as an arbitrary and capricious exercise of authority that is contrary to the agency's mission. In any event, a claim of non-merit-based favoritism resulting in personal gain to a preferred person appears to fall within the bounds of abuse of authority.

---

[5] The Board does not require, as a basis for its jurisdiction, that an appellant in an IRA appeal correctly label a category of wrongdoing. *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006).

We find, however, that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant would not reasonably conclude that the former CEO engaged in non-merit-based preferential treatment constituting an abuse of authority. We can discern no specific facts from the appellant's alleged disclosure or pleadings that support such a belief. W-2 AF, Tab 10 at 11, 65, Tab 35 at 11; Hearing Transcript, May 5, 2023 (HT-2) at 52-53 (testimony of the appellant); PFR File, Tab 3 at 13-14. First, the appellant's complaint of disproportionate overtime was vague and conclusory: for example, he asserted that the former CEO had an "overly soft corner towards [the nurse practitioner's] frequent overtime grants" and that the timekeeper had raised questions regarding "unusual overtime." W-2 AF, Tab 10 at 65. It is unclear whether the appellant believed that the nurse practitioner was requesting overtime more frequently than others or whether the former CEO approved her overtime while denying requests by others under the same circumstances. *Id.* at 11, 65; HT-2 at 52-53 (testimony of the appellant); PFR File, Tab 3 at 13. Similarly, although the appellant asserted that the nurse practitioner was awarded a higher retention bonus than any other provider, he did not expressly allege that the CEO was responsible for the alleged disproportionality or provide any facts regarding her involvement in that decision. W-2 AF, Tab 10 at 11, 65, Tab 35 at 11; PFR File, Tab 3 at 13. Lastly, the appellant's disclosure that the former CEO regularly went to the nurse practitioner's rescue when conflicts arose with other employees only vaguely alleged wrongdoing and was devoid of details. W-2 AF, Tab 10 at 65. Accordingly, we find that the appellant's vague disclosure of favoritism does not satisfy the Board's nonfrivolous pleading standard and is not within the Board's jurisdiction. *See El*, 123 M.S.P.R. 76, ¶ 6.

Disclosure (3) involves the appellant's alleged complaints that a supervisor temporarily acting as CEO had repeatedly yelled at him during an impromptu meeting on November 7, 2019, because she was upset on learning that a complaint that he had submitted about the nurse practitioner had been forwarded

to area executives the previous day.  W-2 AF, Tab 10 at 46-48, 62-65, Tab 35 at 9-12; HT-2 at 47 (testimony of the appellant); PFR File, Tab 3 at 12-14.  We find that one instance of yelling, alone, would not form the basis of a reasonable belief in a violation of law, rule, or regulation; abuse of authority; or any other category of wrongdoing under section 2302(b)(8).  Importantly, we find that it was not a retaliatory personnel action under the WPA because it did not have a significant impact on the overall nature or quality of the appellant's working conditions, responsibilities, or duties.  *See Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 14-16 (explaining that harassment may constitute a personnel action under the WPA but must be considered on a case-by-case basis).[6]  In other words, assuming arguendo that the appellant held a reasonable belief that his supervisor perceived him as a whistleblower as a result of his November 6, 2019 complaint, he did not disclose a matter that a reasonable person in his position would have believed evidenced whistleblower reprisal.  We also find that he has not made a sufficiently specific disclosure that he was subjected to a threat of personnel action covered under the WPA, or to threats that might evidence a reasonable belief in an abuse of authority.  W-2 AF, Tab 10 at 63-65; *cf. Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶¶ 11-13 (discussing agency actions that amount to a threat to take a personnel action under the WPA); *Murphy v. Department of the Treasury*, 86 M.S.P.R. 131, ¶¶ 6-7 (2000) (finding that a supervisor's use of his influence to denigrate other staff members in an abusive manner and to threaten the staff members with whom he disagreed constituted an abuse of authority).

---

[6] The appellant also allegedly disclosed that he was not given a proper orientation, was excluded from meetings to which he should have been invited, and, when he was invited to meetings, felt uninvolved in the matters discussed.  W-2 AF, Tab 10 at 65.  We note that while these actions together might constitute a retaliatory personnel action covered by WPA if they involved a change in his working conditions, the appellant complained that the alleged mistreatment began more or less on his entry to the position.  *Id.*  In any event, he did not clearly link these alleged actions to any specific whistleblower activity.  *Id.*

Because we find that the appellant has not made nonfrivolous allegations concerning these disclosures, we find no material error in the administrative judge's jurisdictional rulings. W-2 AF, Tabs 34, 43; *see generally Spencer*, 327 F.3d at 1356 (explaining that only after Board jurisdiction is established is the Board required to provide the appellant with a hearing on the merits of an IRA appeal).

We affirm the administrative judge's remaining findings.

Of the four allegedly protected disclosures that the administrative judge found to have been exhausted with OSC, he found that the appellant made nonfrivolous allegations with respect to only two allegedly protected disclosures. W-2 AF, Tab 34 at 6-20. Following a hearing on the merits, he found that the appellant did not meet his burden of proving by preponderant evidence that he made a protected whistleblowing disclosure. ID at 6-14. We find no error in the administrative judge's thorough and well-reasoned findings on these issues.[7] *Id.* Although the appellant challenges these findings on review, his arguments constitute mere disagreement with the administrative judge's explained findings and, thus, are not a basis to disturb the initial decision. PFR File, Tab 3 at 15-19; *see Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 14.

Accordingly, we find that the administrative judge correctly found that the appellant did not make a prima facie case of whistleblower reprisal and properly denied the appellant's request for corrective action. ID at 15; *see* 5 U.S.C. § 1221(e)(1)-(2); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015). We affirm the initial decision as modified.

---

[7] Applying the definition of abuse of authority in *Smolinski*, 23 F.4th at 1351-52, we reach the same result.

**NOTICE OF APPEAL RIGHTS**[8]

The initial decision, as modified by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.